UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MAYSON JOHN** | : | **DOCKET NO. 17-cv-1226** |
| **DOC # 376406** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **DUSTIN LOCKE, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a civil rights complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983 by plaintiff Mayson John, who is proceeding *pro se* and *in forma pauperis* in this matter. John is a pretrial detainee and is currently incarcerated at Concordia Parish Correctional Facility ("CPCF") in Ferriday, Louisiana. However, his complaint relate at least in part to events that occurred while he was incarcerated at the Jefferson Davis Parish Jail ("JDPJ") in Jennings, Louisiana.

### I.
#### BACKGROUND

In his complaint, John alleges that Warden Dustin Locke of the JDPJ is retaliating against him for another civil rights suit he filed in this court against JDPJ personnel.[1] Specifically, John alleges that Locke taunts him and behaves vindictively whenever he (John) goes to court. Doc. 1, p. 3. He also claims that, on or about July 24, 2017, Locke called Lance Moore, warden at CPCF, and threatened to "pull the entire Jeff Davis Parish pretrial contract" unless Moore revoked John's trustee status. *Id.*

---

[1] *See John v. Woods*, No. 2:15-cv-1701 (W.D. La.).

-1-

John also complains of the actions of Robert Sheffield, whom he alleges is his court-appointed attorney but also, somehow, an employee of the Jefferson Davis Parish District Attorney's Office. *See id.* at 3–4. John alleges that Sheffield discussed his case with him in front of others, then became angry and refused to speak with John any further when John asked him to stop. *Id.* at 4. John states that he reported Sheffield's behavior to his office's personnel and that "she said that she would have it dealt with, but did not." *Id.* He also maintains that Sheffield has made errors in his case, namely by asking to redo a DNA case when John had believed that the original test results could be suppressed, benefiting his case, "due to it being an incomplete document." *Id.*

John has now filed this suit against Locke, Sheffield, the JDPJ and Jefferson Davis Parish Sheriff's Office, and the Jefferson Davis Parish District Attorney's Office. *Id.* at 3, 5. He seeks damages as well as injunctive relief in the form of having all criminal charges dismissed with prejudice and Sheffield and Locke fired. *Id.* He also sent a letter to the clerk of court, inquiring about "my protection order [that] I asked about" and alleging that Locke "will screw me over and I will get hurt if I'm housed at his jail." Doc. 6. Accordingly, he appears to seek preliminary injunctive relief in the form of a court order that he remain at CPCF or be transferred to the Elton City Jail. *Id.*

## II.
### LAW & ANALYSIS

#### A. *Frivolity Review*

John has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

## B. Section 1983

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

## C. Theories of the Complaint

### 1. Improper parties

According to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether defendants can be sued in this court. Under Louisiana law, an entity must qualify as a "juridical person," which is defined as "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. Louisiana courts uniformly hold that sheriff's offices or sheriff's departments are not juridical entities. *Sipes v. City of Monroe*, 2013 WL

1282457 at *3 (W.D. La. Mar. 28, 2013) (collecting cases). Additionally, a parish or municipal jail is "not an entity, but a building." *Savoy v. St. Landry Parish Council*, 2008 WL 4822269 at *3 (W.D. La. Oct. 10, 2008) (internal quotations omitted). Accordingly, the Jefferson Davis Parish Jail and Jefferson Davis Parish Sheriff's Office are not proper defendants to this action. John should dismiss his claims against these entities.

### 2. *Ineffective assistance*

To the extent that John is alleging that Sheffield's actions violated his constitutional right to assistance of counsel in his criminal proceedings, such a claim may not be raised under § 1983. A criminal defense attorney, whether privately retained or court-appointed, serves his client rather than the state. *Linn v. Saitin*, 2014 WL 130422 at *1 (W.D. La. Jan. 14, 2014); *Ayo v. Simoneaux*, 2008 WL 2944874 at *5 (E.D. La. Jul. 31, 2008). Hence, he does not act under color of state law and cannot be held liable under § 1983. *Id.* Accordingly, John's civil rights claims against Sheffield and his office are frivolous and must be dismissed. John may raise ineffective assistance claims through a federal petition for writ of habeas corpus, provided he first exhausts those claims in the state court.

If it turns out that John is confused and Sheffield is actually the prosecutor in his case, John would still not be able to raise a § 1983 claim against him. Such a claim – prosecutorial misconduct – would challenge the fact and duration of his confinement, and should therefore be advanced in a habeas corpus petition rather than in a civil rights suit. *See, e.g.*, *Parker v. Butler*, 2009 WL 928535 at *2 (E.D. La. Apr. 3, 2009). Furthermore, this claim could not be addressed by the district court until John had exhausted his state court remedies. *Id.* John makes no showing of having done so. Accordingly, he should likewise dismiss any prosecutorial misconduct claims against Sheffield and his office, and pursue them in the state courts instead.

### *3. Injunctive relief*

A party seeking injunctive relief "must satisfy the court that relief is needed" by demonstrating "that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *United States v. W.T. Grant Co.*, 73 S.Ct. 894, 898 (1953). In order to secure a preliminary injunction, a plaintiff must show:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (quoting *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009)).

As part of his prayer for relief, John requests that Locke, warden of JDPJ, be fired. This form of relief is not available in a prisoner civil rights action. *Howard v. Breland*, 2014 WL 7149739 at *1 (S.D. Miss. Dec. 15, 2014); *see Tolston v. Creek*, 2010 WL 2195486 at *4 (W.D. La. Apr. 28, 2010) (noting that "federal courts are not prison managers.") Accordingly, John should dismiss this request.

As to any other form of injunctive relief against Locke that John may request, it is well settled that such claims usually become moot upon transfer from the offending institution, as the prospect of return to that place is too speculative to warrant relief. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). To the extent that John seeks other injunctive relief against Locke, his allegations regarding return to JDPJ, through Locke's alleged threat to revoke JDPJ's pretrial contract with CPCF if John's trustee status is not revoked, are sufficient at the pleading stage to support his request for permanent injunctive relief. He has not made sufficient allegations, however, to support a request for a preliminary injunction. Should he wish to proceed with the

request, he should file a separate motion based on the elements outlined above. If his motion survives this court's preliminary review, Locke will then be served with the motion and given an opportunity to respond. *See* FED. R. CIV. P. 65(a)(1) (noting that a preliminary injunction may only be issued after notice to the adverse party); *Weitzman v. Stein*, 897 F.2d 653, 657 (2d Cir. 1990) (explaining the purpose of this requirement as giving the adverse party "a fair opportunity to oppose the motion").

### III.
#### CONCLUSION

John's pro se complaint is deficient as described above. Before this court can determine the proper disposition of his action, he should be given the opportunity to remedy the deficiencies or dismiss those claims that he cannot remedy. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to John at his last address on file.

**IT IS ORDERED** that John amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and dismiss the claims he is unable to cure through amendment.

Failure to comply with this order may result in dismissal of the claims above as frivolous under 28 U.S.C. § 1915 or dismissal of the action under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co*., 82 S. Ct. 1386 (1962).

John is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 2nd day of January, 2018.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE